UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **08-21925**
CIV-UNGARO
MAGISTRATE JUDGE
SIMONTON

LORNA BEACH-MATHURA,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LORNA BEACH-MATHURA (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint for damages and sues the Defendant, AMERICAN AIRLINES, INC. (hereinafter "AA"), and alleges as follows:

1. At all times material hereto, Plaintiff, LORNA BEACH-MATHURA is an individual, *sui juris*, who currently resides in Miami-Dade County, Florida.

2. At all times material hereto, Defendant, AMERICAN AIRLINES, INC. was and is a corporation doing business in the State of Florida.

3. Defendant, AMERICAN AIRLINES, INC. operates services for the carriage of passengers by air throughout the United States, and between cities in the United States and numerous international destinations, including but not limited to Narita Airport, Japan and Ft. Lauderdale, Florida. Moreover, at the time of the incident, which is part of the subject matter of this Complaint, Plaintiff, LORNA BEACH-MATHURA, had her principal and permanent residence in Miami-Dade County, Florida.

4. This Honorable Court has jurisdiction over this action and over the parties pursuant to Convention for the Unification of Certain Rules for International Carriage by Air Montreal, 28 May 1999, art. 33, as hereinafter more fully appears.

5. Venue is proper in this United States District Court for the Southern District of Florida under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1 through 5, as if fully set forth herein, and further states the following:

7. On or about August 30, 2006, and at all times material hereto, Plaintiff was a passenger to depart on a flight, owned and operated by Defendant, AA.

8. On said date, August 30, 2006, Plaintiff was present at the check-in counter for Defendant, AA, at the Narita Airport in Japan.

9. On said date, August 30, 2006, and while Plaintiff was present at the check-in counter for Defendant, AA, at the Narita Airport in Japan, Plaintiff was provided with a wheelchair by Defendant, AA's agents. Plaintiff attempted to sit in the wheelchair, with the active support of AA's agent, but the wheelchair rolled backwards because it was not locked in place by AA's agents, and which proximately caused Plaintiff to fall to the floor.

10. Plaintiff was then helped by AA's agents from the floor to the wheelchair. Immediately thereafter, while Plaintiff was in the wheelchair, AA's agents took Plaintiff to the check-in counter boarded the airplane, which is owned and operated by Defendant, AA.

## COUNT I – NEGLIGENCE

11. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1 through 10, as if fully set forth herein, and further states the following:

12. At all times material hereto, Defendant, AA, had a duty of care to the Plaintiff to provide the Plaintiff and others similarly situated with a reasonably safe wheelchair which was to be used by the Plaintiff and/or others.

13. Defendant, AA, knew or should have known that the wheelchair was unsafe for its intended use, and contained one or more of the following defects:

    a) The subject wheelchair was not interlocked to prevent it from rolling backwards, when Plaintiff and others similarly situated, attempt to sit in the wheelchair;

    b) The subject wheelchair lacked appropriate written warnings, to enable caution by Plaintiff and other similarly situated individuals;

    c) The subject wheelchair lacked appropriate safety devices to allow it to be stationary, when Plaintiff and others similarly situated attempt to sit in it;

    d) Inadequate testing of the subject wheelchair for use by Plaintiff and others similarly situated;

    e) Improper supervision in the use and/or maintenance of the subject wheelchair;

    f) Improper inspection of the subject wheelchair prior to its use by AA and its agents;

    g) The subject wheelchair failed to meet local, State and Federal codes; and

    h) Other defects, which are yet to be discovered.

14. As a direct and proximate result of Defendant, AA's negligence, Plaintiff, while using the subject wheelchair, fell to the ground, and sustained serious and permanent bodily injuries.

15. As a direct and proximate result of Defendant, AA's negligence, Plaintiff suffered present and possibly future bodily injuries and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of chiropractic treatment, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

16. The losses are either permanent and/or continuing in nature and Plaintiff will continue to suffer such losses in the near future.

17. All conditions precedent to bringing of this action have been performed, waived, satisfied or excused.

18. Plaintiff has retained the services of the undersigned counsel to represent her in this matter, and is obligated to pay reasonable attorneys' fees and costs incurred herein.

**WHEREFORE**, Plaintiff, LORNA BEACH-MATHURA, sues the Defendant, AMERICAN AIRLINES, INC., for damages, costs and interest, Court costs, reasonable attorneys' fees and costs, and demands trial by jury of all issues so triable.

DATED: July 08, 2008

Respectfully submitted,

LAW OFFICES OF DONOVAN L. PARKER
Counsel for Plaintiff
99 NW 183rd Street, Suite 104
Miami, FL 33169
PH:   (305) 655-0239
FX:   (305) 655-0593

By: _____
DONOVAN L. PARKER, ESQUIRE
FBN: 0580953

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
LORNA BEACH-MATHURA

**DEFENDANTS**
AMERICAN AIRLINES, INC.

08-21925
CIV-UNGARO

(b) County of Residence of First Listed Plaintiff  **Miami-Dade County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DONOVAN L. PARKER, ESQUIRE, Law Offices of Donovan L. Parker, 99 N.W. 183rd Street, Suite 104, Miami, FL 33169
Tel: 305-655-0239

Attorneys (If Known)

MAGISTRATE JUDGE
SIMONTON

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DADE-08-21925-CV-UNGARO-SIMONTON

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ■ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO      b) Related Cases ☐ YES ✓ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Convention for the Unification of Certain Rules for International Carriage by Air Montreal, 28 May 1999, art. 33

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD
*Donovan L. Parker*

DATE
July 8, 2008

**FOR OFFICE USE ONLY**
AMOUNT _____ RECEIPT # 983336 IFP