UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21925-CIV-UNGARO/SIMONTON

LORNA BEACH-MATHURA,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

### ORDER GRANTING, BY DEFAULT, DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH RULE 26 INITIAL DISCLOSURE DAMAGE COMPUTATIONS

Presently pending before the Court is Defendant's Motion to Compel Compliance with Rule 26 Initial Disclosure Damage Computations [D.E. 17]. This motion is referred to the undersigned Magistrate Judge [D.E. 18].

This matter was initiated when Plaintiff filed a Complaint alleging negligence against American Airlines for injuries she allegedly suffered while being assisted by American Airlines' agents [D.E. 1]. Defendant American Airlines has filed the instant Motion seeking to compel the Plaintiff to provide damage calculations as required by Fed.R.Civ.P. 26 (a)(1)(A)(iii).[1] According to the Motion, Plaintiff served her Initial Disclosures on Defendant on September 11, 2008, wherein she properly identified witnesses and documents but failed to set forth the computation for each category of damages that she claims. Defendant asserts that it requested Plaintiff to amend her initial disclosures to correct this omission. Plaintiff then served its Amended

---

[1] **Defendant cited to Fed.R.Civ.P. 26 (a)(1)(C) for the requirement that Plaintiff provide damage calculations in its Initial Disclosures. However, Rule 26 was renumbered and amended in 2008 and the correct section that requires damage calculation disclosures is now Rule 26(a)(1)(A)(iii).**

Disclosures but still failed to provide the required information, rather, stating, "The Computation of each category of damages cannot be reached at this time....". *See,* [D.E. 17 at 3]. Defendant argues that the amended disclosure is insufficient to satisfy the Rule 26 requirements and asserts that as a result, Defendant is unable to accurately assess its potential exposure, unable to prepare adequate expert disclosures, prepare for trial, and to make informed decisions regarding settlement. Plaintiff Lorna Beach-Mathura has not responded in opposition to the Defendant's Motion to Compel, and the last day to timely file a response was November 3, 2008.

Therefore, pursuant to Local Rule 7.1 C., it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Compliance with Rule 26 Initial Disclosure Damage Computations [D.E. 17] is **GRANTED by default.** On or before December 1, 2008, Plaintiff shall supplement its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26, to include a computation of each category of damages claimed as required by section (a)(1)(A)(iii) of that Rule.

**DONE AND ORDERED** in chambers at Miami, Florida, on November 10, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
   United States District Judge
All counsel of record