**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-21925-CIV-SIMONTON**
<u>**CONSENT CASE**</u>

**LORNA BEACH-MATHURA,**

     **Plaintiff,**

**v.**

**AMERICAN AIRLINES, INC.,**

     **Defendant.**

_____/

<u>**ORDER TAXING COSTS**</u>

     Presently pending before the Court is Defendant American Airlines, Inc.'s Verified Motion to Tax Costs (DE # 134) and Bill of Costs (DE # 136). The Plaintiff has filed an opposition to the Motion to Tax Costs (DE # 145) and the Defendant has filed a Reply (DE # 146). Pursuant to the Consent to Exercise Jurisdiction by a United States Magistrate Judge form signed by the Parties, on June 3, 2009, this matter was referred by the District Judge to the undersigned Magistrate Judge for final disposition, including trial and entry of final judgment (DE # 106). Based upon a thorough review of the record and for the reasons stated herein, the Defendant's Motion to Tax Costs (DE # 134) and Bill of Costs (DE # 136) are GRANTED IN PART AND DENIED IN PART; and, the Defendant is awarded costs totaling $7570.05 consisting of Fees for Service of Subpoenas ($580.00), Court Reporter Fees ($3440.99), Fees for Witnesses ($280.00) and Photocopying Expenses ($3269.06).

**I.**      <u>**BACKGROUND**</u>

     This matter was initiated when Plaintiff Lorna Beach-Mathura filed a one-Count Complaint alleging negligence against American Airlines for injuries she allegedly suffered while being assisted by American Airlines' agents at the Narita Airport in Japan

on August 30, 2006 (DE # 1).  A four-day jury trial was held in the matter, and the jury returned a verdict in favor of the Defendant (DE # 128). The Court thereafter entered a Final Judgment in Favor of the Defendant pursuant to Federal Rule of Civil Procedure 58 (DE # 120).[1]

The Defendant then filed the instant Motion to Tax Costs pursuant to Fed.R.Civ.P. 54(d)(1), 28 U.S.C. § 1920 and Local Rule 7.3 (DE # 134) and also filed a Bill of Costs (DE # 136).  In the Motion to Tax Costs, the Defendant seeks a total of $11,584.89.  In support of its Motion, the Defendant has submitted the Affidavit of James Soper (DE # 135) which states, *inter alia*, that the costs sought by American Airlines in the Motion related to the defense of this litigation are reasonable.

The Plaintiff filed an Opposition to the Defendant's Motion to Tax Costs (DE # 145) objecting to the requested costs on various grounds.[2]

## II.    LEGAL FRAMEWORK

The Federal Rules of Civil Procedure provide that "costs – other than attorney's

---

[1] After the trial, the Plaintiff filed a Motion to Overturn Jury Verdict and a Motion for New Trial (DE # 131) which was denied by this Court (DE # 148).  Thus, the verdict in favor of the Defendant remains, and the Defendant is a prevailing party for purposes of assessing costs against the Plaintiff.

[2] In addition, the Defendant has submitted a copy of the Motion to Tax Costs which the Defendant asserts was forwarded to the Plaintiff (DE # 134-1) and faxed back to the Defendant with hand writing on the cover page of the fax stating, among other things, "I HAVE NO MONEY. LET A.A. PAY FOR THIS: THEY CAUSED ME HARM AND MORE PAIN.  YOU KNOW THE TRUTH, AND SO DO THEY." (DE # 134 at 14, 134-1).  This Court finds that this bare statement is insufficient to warrant a reduction in an award of costs based on the Plaintiff's financial status under the guidance established in *Chapman v. AI Transport*, 229 F. 3d 1012 (11th Cir. 2000); and, based upon a review of the record as a whole, including the testimony at trial, declines to exercise her discretion to reduce the award in this case.

fees – should be allowed to the prevailing party."  Fed.R.Civ.P. 54(d).  As the Eleventh Circuit has held, "[h]owever, a court may only tax costs as authorized by statute."  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)," *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); and, it provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Further, the Local Rules provide that "[t]he bill of costs should attach copies of any documentation showing the amount of costs."  S.D. Fla. L.R. 7.3.  A bill of costs must be accompanied by sufficient documentation to "allow the court to determine whether the documents were necessarily obtained for use in the case."  *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. March 7, 2008).

III.     DISCUSSION

    A.  The Defendant is a Prevailing Party

    The Defendant requests a total of $11,584.89 in costs, divided into four separate categories, including Fees for Summons and Subpoena ($590.00), Court Reporter Fees ($4,060.43), Fees for the Witnesses ($3,570.00) and Photocopying Expenses ($3,364.46) (DE # 136).[3]

    As stated above, the Plaintiff filed a response to the Defendant's Motion to Tax Costs.  In that Opposition, the Plaintiff has asserted that the Defendant's request for costs is premature because the Plaintiff's Motion to Overturn Jury Verdict and Motion for New Trial remains pending and thus Defendant is not a prevailing party for purposes of assessing costs pursuant to Federal Rule of Civil Procedure 54(d).  However, the Court has now denied the Plaintiff's Motion to Overturn Jury Verdict and Motion for New Trial (DE # 148).  In addition, after the jury returned a verdict in favor of the Defendant, this Court entered a Final Judgment in this matter (DE # 120).  Thus, the Defendant is the prevailing Party in this case and pursuant to Federal Rule of Civil Procedure 54(d) is entitled to recover certain costs, as set forth below, and the Defendant's Motion to Tax Costs is ripe for resolution.

---

    [3] The Court notes that although in the Motion to Tax Costs Defendant seeks a total of $11,584.89, in the Defendant's Bill of Costs, the itemized cost sheet includes an additional $3,570.00 in Court Reporter fees for a total of $7,630.43 in Court Report fees, rather than the $4,060.43 identified as Court Reporter fees for Transcription and Deposition costs contained in the Defendant's Motion to Tax Costs.  Based upon a careful review of the Defendant's submissions, including all of the supporting receipts, it appears that the Defendant seeks costs totaling $11,584.89, which includes Court Reporter fees of $4,060.43, as reflected in Defendant's Motion to Tax costs, and listed at the bottom of the Bill of Costs, rather than the itemized amount of  $7,630.43.  Therefore, the Court assumes that the additional $3,570.00 was included on the Bill of Costs was in error and will only address Defendant's costs in the total amount of $11,584.89, with $4060.43 of costs related to the Court Reporter fees.

4

B.      Determining the Amount of Taxable Costs

1.      Fees for Summons and Subpoena

The Defendant seeks costs associated with the service of subpoenas made by a private process server in the amount of $ 590.00.  Specifically, the Defendant requests costs as follows: $165.00 for service of three subpoenas for Dr. Anthony Hall, OMI Medical Imaging and Christopher Rudolph; $90.00 for three subpoenas for University of Miami Hospital, $25.00 for a subpoena for Dr. Fred Furgange; and, $40.00 for a subpoena for Dr. Andrew Frank.  Finally, the Defendant seeks costs for service of subpoenas for $165.00 for three attempts of service on Dr. Julian Cameron.  In support of its request, the Defendant has submitted invoices for each of these costs (DE # 136-3).

The Eleventh Circuit has held that private process server fees may be taxed under sections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by § 1921.  *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  *See* 28 U.S.C. § 1920(1) (providing that "fees of the clerk and marshal" may be taxed); 28 U.S.C. § 1921(a)(1)(B), (G), (H) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process).

The Plaintiff objects to the Defendant's request to the extent that it exceeds the statutory amount set forth in 28 C.F.R. § 0.114, for service by the United States Marshal Service, which according to the Plaintiff, is $45.00.  The Plaintiff therefore contends that the Defendant's fees should be reduced to a total of $307.00 to reflect that limit. Although both the Plaintiff and the Defendant refer to the $45.00 rate for service of process listed in 28 C.F.R. § 0.114(a)(3), the U.S. Marshal's rate for service of process is

5

now, and was in 2009, when the subpoenas at issue were served, $55.00 per hour for each item served, plus travel costs and any out of pocket expenses.  28 C.F.R. § 0.114(a)(3).  The Defendant has not stated how much time was spent by the private process servers in effectuating service and does not indicate whether any of the invoiced amounts included travel costs or expenses of the process server.

Under these circumstances, it is appropriate to cap the award at $55.00 for service of each subpoena, which is the amount that would be charged for service by the Marshal taking up to one hour.

It appears from the receipts that were submitted by the Defendant, that the Defendant's characterization of the subpoenas is correct.  Accordingly, the subpoena fee for Julian Cameron for $65.00, will be reduced to the statutory maximum of $55.00, and the Defendant is entitled to recover $580.00 in fees for service of subpoenas by the private process server.

2.   Court Reporter Fees

The Defendant also requests $3440.99 for costs associated with taking depositions, obtaining the deposition transcripts and the court reporter's attendance at those depositions.  In addition, the Defendant seeks $619.44 in transcript fees for an expedited trial transcript.  Thus, the Defendant seeks a total of $4060.43 in Court Reporter Fees.  The Defendant asserts that the depositions conducted and the transcripts obtained were necessary for use in the case.

The Plaintiff argues that several of the deposition and transcript costs that the Defendant seeks were not necessary for use in the case, but rather were merely incurred

for the convenience of the Defendant's counsel.[4]  Specifically, the Plaintiff contends that the depositions of Dr. Kenneth Rivera-Kolb ($319.50) and Dr. Julian Cameron ($340.15) were cumulative and redundant, and therefore not necessary.  In addition, the Plaintiff asserts that Dr. Brett Osborn was the physician who performed the Plaintiff's IME related to her worker compensation claim, and because the Plaintiff did not deny in the instant action that she had been previously injured in a work related accident, Dr. Osborn's deposition was not necessary.

Title 28 U.S.C. § 1920(2) provides for the taxation of costs for depositions which were necessarily obtained for use in the case.  The necessity for a deposition is determined in light of the facts known at the time the deposition is taken.  *DeSisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989).  The Eleventh Circuit has held that a prevailing party may recover deposition costs of witnesses listed on the losing party's witness list. *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).

The Court finds that the Defendant is entitled to recoup the deposition costs that it seeks because all of the depositions at issue were necessarily obtained for use in this case.  First, Dr. Kenneth Rivera-Kolb, M.D. is listed on the Plaintiff's witness list.  Also, Dr. Brett Osborn's deposition was read into the record at trial and portions of Dr. Julian Cameron's testimony were designated for use at trial by the Defendant.  In addition, one of the issues to be resolved at trial identified in the Parties' Joint Pretrial Stipulation (DE # 76) was, "Whether the Plaintiff's alleged injuries were all pre-existing and caused by

---

[4] In its Opposition to the Defendant's Motion to Tax Costs, the Plaintiff incorrectly states that the Defendant seeks $4213.55 in deposition transcript costs.  However, the Defendant only seeks $4060.43 in transcript costs.

other traumatic events prior to the August 30, 2006 incident." Thus, the testimony of the treating physicians was not cumulative or redundant because the opinions were relevant and went directly to resolving the issue of whether the Plaintiff suffered from injuries akin to those that allegedly occurred in this matter, and also related to the Plaintiff's claims for damages.  Accordingly, the Defendant is entitled to recover $3440.99 for the costs of the depositions it seeks because they were obtained for use in the case.

The Defendant also seeks costs in the amount of $619.44 for obtaining an expedited trial transcript for the afternoon trial session held on June 22, 2009. The Defendant contends that an expedited transcript was necessary to prepare an opposition to the Plaintiff's Motion to Overturn Verdict and Motion for New Trial that was filed approximately one week after the trial concluded.  The Plaintiff, on the other hand, asserts that costs for expedited transcripts are not reimbursable pursuant to § 1920.

Generally, the costs associated with expedited trial transcripts should not be allowed as a matter of course, however expedited transcripts may be necessary in lengthy and particularly complex cases. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F. 3d 1207, 1226 (11th Cir. 2002).  In this case, the Defendant's need for an expedited transcript was not necessary because the case was neither lengthy nor particularly complicated.  Rather the four-day jury trial consisted primarily of two issues; whether the Defendant was negligent in the provision of a wheelchair and, whether the Plaintiff suffered injuries while waiting to check-in at the Defendant Airline's counter and the extent of the injuries, if any, that the Plaintiff sustained. Therefore, the Court denies the Defendant's request for costs in the amount of $ 619.44 for the expedited trial transcript.

Therefore, the Defendant will be awarded $3440.99 in Court Reporter Expenses representing the requested costs for court reporter fees of $4060.43 minus $619.44 for

8

the expedited trial transcript.

### 3.  Fees for Witnesses

The Defendant also requests $3,570.00 for witness fees associated with taking the depositions of the Plaintiff's treating physicians.  Specifically, the Defendant seeks fees for deposing Dr. Anthony Hall ($770.00), Dr. Christopher Rudolph ($250.00), Dr. Kenneth Rivera-Kolb ($350.00), Dr. Brett Osborn ($350.00) and Dr. Julian Cameron ($1000.00).

A district court errs when it taxes as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821, because Section 1920(6) clearly states that only costs for court appointed experts may be taxed. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir.1996) (district court erred in taxing expert witness fee in excess of $40 per day).  Moreover, 28 U.S.C. § 1821(b) states that a witness attending a deposition shall be paid a $40.00 attendance fee per day. "This $40.00 is a maximum amount per witness, including expert witnesses."  *Rosa v. City of Fort Myers*, 2008 WL 1776458, *2 (M.D. Fla. April 18, 2008). Accordingly, the Court finds that reimbursement for Plaintiff's expert's witness fee should be reduced to $40.00. *See also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla.2007) (limiting recovery of witness fees to $40 per day).

The Defendant argues that the statutory limit on witness fees pursuant to § 1920 is not applicable to its request because the Defendant seeks to recover costs for the witnesses pursuant to Fed.R.Civ.P. 26(b)(4)(C)(i) and not under § 1920.  However, the Court finds that the Defendant's argument is without merit.  Rather, Rule 26 provides, in relevant part, "Payment.  Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)..." Thus, Rule 26 (b)(4)(C)(i) does

not address the recovery of costs for prevailing parties, but rather is designed to insure that experts who are deposed by opposing parties during discovery are properly compensated.  Significantly, the Advisory Committee Notes to that portion of Rule 26 state in relevant part, "These provisions for fees and expenses meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum." Fed.R.Civ.P. 26, Advisory Committee Notes, 1966 Amendment.  Therefore, Rule 26 does not entitle the Defendant to recover costs for deposing the Plaintiff's witnesses.  Thus, Defendant is only entitled to recover $40.00 a day for witness fees as limited under § 1920, and may only recover a total of $280.00 for the seven experts whose deposition testimony was taken for use in this matter.

### 4.  Photocopying Expenses

Defendant further requests costs in the amount of $3364.46 for photocopying expenses.  These costs primarily consist of fees charged by third parties to copy Plaintiff's medical documents, Plaintiff's previous claims files with various agencies, and copies that Defendant's in-house counsel made of exhibits and jury notebooks at a cost of ten cents per page.

Plaintiff objects to photocopy costs sought by the Defendant as being unnecessary and unreasonable, and made for the convenience of the Defendant rather than being necessary for use in the case.

Section 1920(4) permits taxation of fees for exemplification and copies of papers necessarily obtained for use in the case. Copies for the convenience of counsel are not taxable. *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D.Ga.1992). Also, general copying costs are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399

(11th Cir.1996).  The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Zunde v. International Paper Co.*, 2000 WL 1763843, *6 (M.D.Fla. July 20, 2000) (stating that the prevailing party bears the burden of proving that the copies were necessary) (citing *Desisto College, Inc.*, 718 F.Supp. at 910, n. 1). In evaluating copying costs, courts should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.  *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). "Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable." *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. Of Eng'rs*, 386 F. Supp 2d 1266, 1270 (S.D. Fla. 2005) *(citing Desisto College, Inc.*, 718 F.Supp. at 913).

        The Court has carefully reviewed each of the costs sought by the Defendant for the photocopies obtained in this matter.  As to the items that were copied by the third parties at the Defendant's request, contrary to the Plaintiff's claims that it is unclear for what purpose the Defendant needed these photocopies, based upon the evidence adduced at trial, it is clear that the records pertaining to the Plaintiff's previous injuries and claims made to the Florida Bureau of Victim Compensation, Miami Dade Public Schools, and the Workers' Compensation Office were directly relevant to this matter and necessary for trying this case.  In addition, medical records from Plaintiff's treating physicians, including MRIs and X-rays, and the IME were also central to the resolution of this matter and appropriate costs for the Defendant to recoup pursuant to § 1920.

        The Plaintiff argues that the copies of the Plaintiff's MRIs, X-rays and other medical imaging results were not necessary because there were an "exorbitant amount

11

of medical records describing all of the Plaintiff's previous and present injuries."
However, this argument is without merit.  The Defendant certainly had the right and,
likely obligation, to obtain the Plaintiff's medical imaging materials for review by its own
experts rather than relying upon the reading of the Plaintiff's physicians for preparation
in this matter.  In an effort to avoid this conclusion, the Plaintiff again focuses on the fact
that the Plaintiff readily admitted that she had prior injuries and thus, the Plaintiff argues
that the Defendant did not need to obtain additional evidence on this point.  However, as
stated above, much of this case centered on whether the incident at the Airport caused
any damage or injury to the Plaintiff, or whether the incident exacerbated the Plaintiff's
prior injuries.  Thus, the fact that the Plaintiff admitted to prior injuries would not resolve
those issues.

In addition, at trial, the Defendant also called the Plaintiff's credibility into
question by emphasizing the claims made by the Plaintiff related to injuries she suffered
prior to the incident in this case, and which she continued to pursue, in part, after this
matter arose.  As such, the Defendant was entitled to obtain records related to those
prior claims that bore on the Plaintiff's credibility.

Finally, the Plaintiff argues that the Defendant is not entitled to recoup costs for
copies for exhibit and trial notebooks used at trial.  The Defendant counters that the
exhibit notebooks were made pursuant to the Court's order to prepare and provide the
notebooks for the jury.

Initially, the Court finds that the ten-cent per page cost for the copies prepared by
Defendant's in-house counsel is reasonable.  In addition, the Defendant is correct that
the Court directed the Parties to prepare exhibit notebooks for the jury.  Such costs
incurred for preparing those notebooks were therefore not incurred merely for the

convenience of counsel, but were required by the Court.  Thus, the Defendant is entitled to recover $861.70 for photocopying the jury notebooks.

However, the cost of $95.40 incurred for photocopying trial notebooks for lead counsel and second chair are not recoverable as those costs are purely for the convenience of trial counsel and were not incurred pursuant to an order from this Court. Accordingly, the Court will not award the Defendant the costs for trial notebooks for Counsel.

Therefore, the Defendant will be awarded $3269.06 in Photocopying Expenses representing the requested costs for photocopying of $3364.46 minus $95.40 for trial notebooks for the Defendant's Counsel.

### 5.  Interest on Costs

Defendant also asserts that it is entitled to post-judgment interests on any costs awarded by the Court.  The Plaintiff has not objected to this request.  As correctly noted by the Defendant, pursuant to 28 U.S.C. § 1961, an award of costs bears interest from the date of the original judgment.  In this case, Final Judgment in this matter was entered on June 25, 2009, thus Defendant is entitled to interest accrued from that date at the post-judgment interest rate in effect on that date which, pursuant to 28 U.S.C. § 1961, was 0.51%.

## IV.   CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED and  ADJUDGED** that Defendant American Airlines, Inc.'s Verified Motion to Tax Costs (DE # 134)and Defendant's Bill of Costs (DE # 136) are **GRANTED IN PART AND DENIED IN PART**.  It is further

**ORDERED AND ADJUDGED** that Defendant is awarded $7570.05 in costs, plus interest at a rate of 0.51% per year from June 25, 2009, the date of the final judgment, for which let execution issue.

**DONE AND ORDERED** in chambers in Miami, Florida on March 31, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
All counsel of record

14