# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY __HH__
Aug 6, 2014
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 06, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 10-12066-EE
Case Style: Lorna Beach-Mathura v. American Airlines, Inc.
District Court Docket No: 1:08-cv-21925-AMS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 10-12066
_____

District Court Docket No.
1:08-cv-21925-AMS

LORNA BEACH-MATHURA,

       Plaintiff - Appellant,

versus

AMERICAN AIRLINES, INC.,

       Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 07, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Mandate Issued:
August 06, 2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12066
Non-Argument Calendar
_____

Docket No. 1:08-cv-21925-AMS

LORNA BEACH-MATHURA,

                Plaintiff - Appellant,

versus

AMERICAN AIRLINES, INC.,

                Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2014)

Before HULL, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lorna Beach-Mathura, proceeding pro se, appeals the district court's order granting, in part, Defendant American Airlines, Inc.'s motion to tax costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.[1]  Reversible error has been shown; we dismiss the appeal in part, affirm in part, vacate in part, and remand.

Beach-Mathura filed a complaint against American Airlines, alleging that she injured her lower back and pelvic bone when -- due to the negligence of an American Airlines employee -- she fell from a wheelchair at the check-in counter.  Because Beach-Mathura suffered various back injuries from four earlier car accidents, an assault and battery, and a workplace incident, much of the discovery and trial testimony centered on whether Beach-Mathura's alleged injuries existed before -- or were, in fact, caused by -- her wheelchair fall.  After a four-day trial, the jury returned a verdict in favor of American Airlines; and American Airlines filed a motion to tax costs, pursuant to Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920.  The district court granted American Airlines's motion in part and awarded a total of $7,570.05 for transcript fees, witness fees, photocopying expenses, and service of process fees.

---

[1] In a separate order, we dismissed as untimely the portion of Beach-Mathura's appeal seeking review of the final judgment and the denial of her motion to overturn the jury verdict and for a new trial.

On appeal, Beach-Mathura challenges several of the line items included in the district court's award.[2] We review a district court's award of costs to the prevailing party under an abuse-of-discretion standard. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). A district court abuses its discretion if it awards costs based on "findings of fact that are clearly erroneous." Id.

"Prevailing parties are entitled to receive costs under Fed.R.Civ.P. 54(d)," but "a court may only tax costs as authorized by statute." United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). Costs authorized under section 1920 -- and, thus, taxable under Rule 54(d) -- include, among other things, these items: "(1) Fees of the . . . marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . ." See 28 U.S.C. § 1920.

We first address Beach-Mathura's challenge to the district court's award of fees for service of process. Fees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921. W&O, Inc., 213 F.3d at 624. Before December 2008, service of process fees were taxed at "$45 per hour (or portion thereof) for each item served . . . plus travel

---

[2] To the extent that Beach-Mathura challenges items not included in the district court's award (including costs for expedited trial transcripts, witness fees exceeding $40 per day, and copying costs for defense counsel's trial notebooks), her appeal is dismissed as moot.

3

costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3) (2008), amended by 73 Fed. Reg. 69,552, 69,554 (Nov. 19, 2008). Then, effective December 2008, the taxable rate for service of process increased to $55 per hour. See 28 C.F.R. § 0.114(a)(3) (2009), amended by 78 Fed. Reg. 59,817, 59,819 (Sept. 30, 2013).

In support of its motion to tax costs, American Airlines submitted several receipts for service of process fees, some of which were incurred before, and some of which were incurred after, December 2008. Regardless of the date of service, however, the district court applied a $55 per hour rate to all service of process fees. In doing so, the court approved a $55 award for an October 2008 service of process on the records custodian for the Florida Department of Financial Services: an award that should have been capped at $45. Because that portion of the award was based on a clearly erroneous factual finding, the district court abused its discretion in awarding the full amount of service of process costs. The district court taxed Beach-Mathura properly for the remaining service of process fees.

Next, we address Beach-Mathura's challenge to the district court's award of costs for the deposition transcripts of Dr. Rivera-Kolb, Dr. Cameron, Dr. Osborn, and a records custodian for Open Magnetic Imaging, Inc. ("OMI"). The district court awarded properly costs for the deposition transcripts of Drs. Rivera-Kolb and

4

Cameron, two of Beach-Mathura's treating physicians, because both doctors (or his predecessor) were listed on Beach-Mathura's witness list.[3]  See W&O, Inc., 213 F.3d at 621 ("[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated" that the transcripts might be necessary for cross-examination and that those witnesses had pertinent information about the case).

 Taxation for Dr. Osborn's deposition transcript was also appropriate because he provided information about Beach-Mathura's pre-existing injuries -- a central issue at trial -- and portions of his deposition were read into evidence at trial.  See id. ("admission [of deposition testimony] into evidence . . . tends to show that it was necessarily obtained.").  The deposition transcript for the OMI records custodian was obtained necessarily because (1) OMI performed the only magnetic resonance imaging ("MRI") studies on Beach-Mathura's spine after her admitted pre-existing injuries and before the wheelchair incident and (2) Beach-Mathura denied having a copy of that pertinent MRI in her possession.  Because the OMI deposition was an attempt to locate a document central to the litigation, we see no abuse of discretion in awarding costs for the transcript.

---

[3] On her witness list, Beach-Mathura listed originally Dr. Zaslow as one of the doctors who treated her after the wheelchair incident; but she later clarified that Dr. Zaslow died before he could treat her and that she, in fact, received medical services at Dr. Zaslow's practice from Dr. Cameron.

Beach-Mathura also challenges the district court's taxation of costs for photocopying expenses.  In determining whether copying costs are taxable pursuant to section 1920(4), "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  W&O Inc., 213 F.3d at 623.  "'Copies attributable to discovery' are . . . recoverable under § 1920(4)."  Id.

Beach-Mathura argues that several of the copying expenses -- including her MRIs, workers' compensation records, insurance records, and pharmacy records -- should have been disallowed because the documents were cumulative of information already available in her medical records.  Because these supplemental documents helped establish the extent of Beach-Mathura's pre-existing injuries the district court did not abuse its discretion in concluding that the copied documents were appropriate discovery materials and obtained necessarily for use in the case.  We also reject Beach-Mathura's challenge to the photocopying expenses for the trial exhibits and jury exhibit notebooks because trial exhibit expenses are permitted expressly by section 1920(4) and because the court ordered American Airlines to prepare jury exhibit notebooks.

The district court abused no discretion in refusing to reduce American Airlines's award based on Beach-Mathura's alleged inability to pay.  A district

court may -- but is not required to -- consider a losing party's financial status in awarding costs.  See Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).  If the district court considers financial status as a factor, it "should require substantial documentation of a true inability to pay."  Id.  The district court acknowledged that it had discretion to reduce American Airlines's award based on Beach-Mathura's financial status but declined to do so because Beach-Mathura failed to provide sufficient documentation of her inability to pay.  Nothing in the record evidences Beach-Mathura's inability to pay; we see no abuse of discretion.

Because the award of costs for the service of process fees was based on a clearly erroneous fact-finding, we vacate the award of costs with instructions to retax costs in accordance with this opinion.

APPEAL DISMISSED IN PART.

AFFIRMED IN PART; VACATED IN PART; and REMANDED.